UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAVINESH SINGH,

               Petitioner,

    v.

SCOTT FARENHEIM, Warden,

               Respondent.

No.  2:19-cv-01550 MCE GGH P

ORDER AND FINDINGS AND
RECOMMENDATIONS

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus
pursuant to 28 U.S.C. § 2254. The matter was referred to the United States Magistrate Judge
pursuant to 28 U.S.C. §636(b)(1) and Local Rule 302(c).

On October 16, 2019, petitioner filed a motion seeking appointment of counsel and a stay
of the pending habeas proceedings. ECF No. 8. However, upon review of petitioner's motion, it
appears the pending habeas petition is premature because state court proceedings have not yet
been finalized. In support of his motion to stay, petitioner states there is a pending state court
resentencing hearing set for October 25, 2019 pursuant to a remand by the California Supreme
Court. ECF No. 8 at 1-2.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for
writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived
explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).   A waiver of exhaustion, thus, may

1   not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the

2   highest state court with a full and fair opportunity to consider all claims before presenting them to

3   the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d

4   1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). Here, the petition is premature

5   because petitioner has not been resentenced and accordingly has not exhausted his state court

6   remedies until the finalization of his judgment and conviction by the state court.  See Sherwood v.

7   Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) ("When, as in the present case, an appeal of a state

8   criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of

9   his appeal before his state remedies are exhausted, even where the issue to be challenged in the

10  writ of habeas corpus has been finally settled in the state courts.")

11          Moreover, a stay and abeyance is unnecessary at this juncture considering that the statute

12  of limitations will not begin to run until the state court has issued an amended judgment and

13  petitioner's conviction is final. See United States v. LaFromboise, 427 F.3d 680, 683-685 (9th

14  Cir. 2005). Accordingly, the undersigned will recommend that the motion to stay the pending

15  habeas proceedings be denied.

16          In addition, the undersigned will deny the petitioner's request for an appointment of

17  counsel.  There currently exists no absolute right to appointment of counsel in habeas

18  proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. §

19  3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so

20  require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does not

21  find that the interests of justice would be served by the appointment of counsel at the present

22  time.

23          In accordance with the above, IT IS HEREBY ORDERED that:

24          1.  The motion for appointment of counsel (ECF No. 8) is denied;

25          2.  The court's deadlines set forth in its September 11, 2019 order (ECF No. 5) are hereby

26  vacated pending resolution of these findings and recommendations; and

27          3.  Petitioner shall inform this court, within thirty days, of the result of any resentencing

28  proceedings, and whether he will be appealing any such result.

Further, IT IS HEREBY RECOMMENDED that:

1. The motion to stay (ECF No. 8) be denied; and

2. The petition for writ of habeas corpus be dismissed without prejudice as premature.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 21, 2019

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

3